## Dwyer's Estate

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Barnes, Dechert, Price, Smith & Clark,* for petitioner.

BOLGER, J., January 20, 1948.—Testator died October 12, 1947. On January 16, 1948, Claire F. Dwyer, executrix and sole beneficiary under his will, filed her petition under section 42 of the Fiduciaries Act of June 7, 1917, P. L. 447, for authority to incorporate the business of selling wood, coal, fuel oil, building materials and supplies and of servicing heating equipment in which Mr. Dwyer was engaged during his lifetime. Petitioner avers that the business is the principal asset of the estate; that it could not be sold without sacrifice, and that its continuance not only

would be directly beneficial to herself, but also to her six children, three of whom were employed in the business at the time of decedent's death; that it is preferable to incorporate the business rather than to continue operating it as a sole proprietorship; that as executrix she will receive 200 shares of the proposed corporation's capital stock of 250 shares of a par value of $100 each, the balance of 50 shares remaining unissued, and that such 200 shares of the capital stock would be held by her as part of decedent's estate to be accounted for by her. She avers that there is only one known creditor whose claim has not been disposed of; that he has signified his approval of the petition by affixing his signature thereto.

It is important to bear in mind that the purpose of the petition is not to distribute the assets, but merely to change their form from that of tangible assets to stock of an owning corporation. The only objection to granting the petition is that the court by approving it would be putting its seal upon the continued employment of the assets in a speculative enterprise. On the other hand, it is quite clear that petitioner as executrix has the right to hold these assets for a reasonable time until she determines upon their sale or retention: Casani's Estate, 342 Pa. 468. Since she is the sole beneficiary under the will, it would be perfectly proper for her at the end of six months to transfer the assets in kind to herself, provided there are no unsatisfied creditors of whose claims she has received notice in writing: Ray's Estate, 345 Pa. 210. Pending her making these decisions, there can be no objection to divorcing the assets of the business from the other assets of the estate. In fact, such action might be preferable and an added protection for possible creditors because the hazards connected with the operation of the business following incorporation would not involve the other assets of the estate. We cannot hold that this is not good business judgment.

Therefore, the petition is granted.